**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

NO. 5:10-CV-474-FL

| | | |
|---|---|---|
| JAVON CHRISTOPHER TOLLERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| | ) | |
| THE CHEESECAKE FACTORY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

Plaintiff filed an application to proceed *in forma pauperis* on October 29, 2010 (DE-1). He has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See* White v. White, 886 F.2d 721, 724 (4th Cir. 1989). However, the court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See* Denton v. Hernandez, 504 U.S. 25, 33 (1992).

1

For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

In his complaint, Plaintiff names the following Defendants:   1) The Cheesecake Factory Restaurants Inc. ("The Cheesecake Factory"); 2) "associates of mine"; 3) "managers"; 4) "acquaintances"; 5) "friends"; 6) The North Carolina Department of Health and Human Services; 7) The North Carolina Court System; and 8) Wake County Mental Health Services.   Plaintiff fails to specifically identify the Defendants identified as "associates of mine", "managers", "acquaintances", and "friends".   Moreover, Plaintiff fails to make any specific factual allegations whatsoever against most of these named Defendants.

To the extent Plaintiff does allege specific facts, he contends that he was hired as a sauté line cook with The Cheesecake Factory in the summer of 2003 (DE 1-1, pg. 5).   He asserts that while he was employed by The Cheesecake Factory "intense competitions and rivalries . . . fuel[ed] explosive altercation[s] that would eventually cross the line of . . . what is acceptable for the professional work environment" (DE 1-1, pg. 5-6).   Plaintiff also indicates that he endured a "hostile predatory work environment" and that he was eventually "suspended" (DE 1-1, pg. 6, 8). However, in making these assertions Plaintiff does not describe the actions of any named Defendant.   Rather, Plaintiff's complaint is simply a string of generalizations unsupported by any real factual allegations.   Indeed, Plaintiff concludes his complaint by noting that "[d]ue to the amount of civil lawsuits recently involving . . . [The Cheesecake Factory] nationally, and the nature of the events I witnessed . . . and experienced one could reasonably infer the potential for the existence of other civil torts, and or criminal situations" (DE 1-1, pg. 9).

Finally, to the extent that Plaintiff is attempting to file a federal discrimination claim, There is no evidence that Plaintiff obtained a right-to-sue letter from the Equal Employment Opportunity Commission before filing the instant action.   See 42 U.S.C. § 2000e-5(f)(1).

Thus, the undersigned finds that Plaintiff's compliant lacks any arguable basis in fact or law.

2

For these reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma paueris* be GRANTED and that his complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, November 05, 2010.


_____

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE