IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-474-FL

| | | |
|---|---|---|
| JAVON CHRISTOPHER TOLLERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE CHEESECAKE FACTORY RESTAURANTS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). The magistrate judge recommends that the court dismiss plaintiff's *in forma pauperis* complaint as frivolous under 28 U.S.C. § 1915(e)(2). Plaintiff timely filed objection to the M&R, and the issues raised now are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and dismisses the complaint.

## BACKGROUND

On October 29, 2010, plaintiff filed an application to proceed *in forma pauperis* in this action. In the proposed complaint attached to the application, plaintiff appears to allege that he was harassed by his co-workers at the Cheesecake Factory and was eventually involuntarily committed to Dorothea Dix Hospital, a mental health facility in Raleigh, North Carolina. Among the defendants named in the proposed complaint are the Cheesecake Factory, unidentified "associates of mine, managers, acquaintances, and friends," the North Carolina Department of Health and Human

Services, the North Carolina Court System, Wake County Mental Health Services, and Dorothea Dix Hospital. Other than vague allegations that his co-workers (i.e., "associates, acquaintances, and friends") harassed him and that the Cheesecake Factory's managers were complicit in this harassment, no specific allegations are alleged against any defendant.

The magistrate judge entered an M&R on November 5, 2010, in which he recommends the court grant plaintiff's *in forma pauperis* application but dismiss the complaint as frivolous. Plaintiff objected to this recommended disposition on November 17, 2010, attaching a second proposed complaint purporting to cure the defects identified by the magistrate judge. The objection and the proposed amended complaint clarify that the action is brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and that his co-workers harassment was sexual in nature. Otherwise, no additional allegations are given.

## DISCUSSION

The court is required to dismiss an *in forma pauperis* action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court construes a *pro se* pleading liberally in engaging in a frivolity determination, but must not accept a pleading that fails to allege with specificity facts that support the plaintiff's claim. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989).

In light of plaintiff's objections, the court has reviewed *de novo* the magistrate judge's analysis of the proposed complaint. See 28 U.S.C. § 636(b). The court agrees with the magistrate judge that the proposed complaint "is simply a string of generalizations unsupported by any real

2

factual allegations," see M&R at 2, and therefore fails to provide the minimum level of factual support necessary to survive frivolity review. The proposed amended complaint attached to plaintiff's objections in no way cures this defect, as it contains no additional factual allegations beyond a clarification of the sexual nature of the harassment. Accordingly, the court will adopt the recommendation of the magistrate judge and dismiss this action without prejudice. See Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) (holding that the dismissal of an action as "frivolous" under § 1915(e)(2) is without prejudice).

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (DE # 1) is ALLOWED. Upon *de novo* review of the magistrate judge's recommendation that plaintiff's action be dismissed as frivolous, the court ADOPTS in full the M&R (DE # 3), and DISMISSES this action without prejudice.

SO ORDERED, this the 6th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

3